IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01375-BNB

JOSHUA ELLIOTT WINGFIELD,

Plaintiff,

v.

CAPT. SAUTER, Arapahoe County,
CHIEF DAVE WALCHER, Arapahoe County,
LT. HOBAN, Ararapahoe [sic] County,
SGT. RANDALL DOIZAKI, ACSO,
PATRICK J. SULLIVAN, Detention Center,
ARAPAHOE COUNTY SHERIFFS DEPARTMENT,
MEDICAL CONTRACTORS OF P.J.S.D.C., and
UNKNOWN NAMED AGENTS AND EMPLOYEES OF A.C.S.O.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Joshua Elliott Wingfield, currently is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Wingfield initiated this action by filing *pro se* a Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983. He asks for money damages and injunctive relief.

The Court must construe the complaint liberally because Mr. Wingfield is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wingfield will be ordered to file an amended complaint.

Mr. Wingfield contends that, in September 2008, his hand was crushed in a door

slammed by a deputy sheriff while he was incarcerated at the Arapahoe County Detention Center. He complains that surgery on the injured hand was not performed until November 2008, by which time he had suffered permanent damage. He complains that, despite reassurances by detention facility medical staff that the injured hand would get better over time, it has not. He asserts that the surgeon told him that, due to the length of time between the injury and the surgery, the tendon has atrophied. He also alleges that on December 14, 2009, he attempted suicide, cut his wrists, was taken to a nearby hospital, and received a $2,000.00 bill because the detention center refused to pay for the medical treatment he received. He complains that, on May 14, 2010, he was taken to solitary confinement and stripped naked, including in the presence of female staff.

On the basis of these allegations, he asserts seven claims. He contends he was subjected to deliberate neglect because of the two-month delay in treating his hand injury (claim one). He maintains he has been subjected to cruel and unusual treatment because on May 14, 2010, after he attempted suicide and received stitches, he was placed in solitary confinement and stripped naked (claim two). As his third claim, he alleges that, the detention facility staff retaliated against him by intercepting a letter he sent to this Court on May 13, 2010, and placing him in solitary confinement. As his fourth and fifth claims, he complains that, after he notified the defendants of his intent to file suit, he has been denied the right of access to the courts by being denied legal supplies and transferred to solitary confinement. He complains his legal mail to the President of the United States, the Attorney General, and this Court has been intercepted and read (claim six). As his seventh and final claim, he repeats allegations

2

concerning the injury to his hand, his attempt to commit suicide, and his being stripped naked.

Mr. Wingfield has failed to set forth a short and plain statement of his claims showing that he is entitled to relief. The general rule that *pro se* pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

As a result, Mr. Wingfield's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. Wingfield is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the

federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements

of Rule 8. In order for Mr. Wingfield to state a claim in federal court, his "complaint must

explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158,

1163 (10th Cir. 2007).

Mr. Wingfield fails to provide "a generalized statement of the facts from which the

defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v.*

*Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The Court finds that the complaint is

vague, repetitive, and unnecessarily verbose. For the purposes of Rule 8(a), "[i]t is

sufficient, and indeed all that is permissible, if the complaint concisely states facts upon

which relief can be granted upon any legally sustainable basis." *Id.*

In addition, the Arapahoe County Sheriff's Department is not a proper party to

this action. Municipalities and municipal entities are not liable under § 1983 solely

because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of*

*Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d

774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or

custom exists and that there is a direct causal link between the policy or custom and the

injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr.

Wingfield cannot state a claim for relief under § 1983 merely by pointing to isolated

incidents. *See Monell*, 436 U.S. at 694.

Mr. Wingfield also must assert personal participation by each named defendant.

4

*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Wingfield must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Wingfield may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Wingfield uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

Mr. Wingfield, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, sues proper parties, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Plaintiff, Joshua E. Wingfield, file an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Wingfield, together with a copy of this order, two copies of the Prisoner Complaint form to be used in

submitting the amended complaint. It is

FURTHER ORDERED that if, within the time allowed, Mr. Wingfield fails to file an

amended complaint that complies with this order to the Court's satisfaction, the

complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Wingfield's request in the June 14, 2010, letter

for the appointment counsel is denied as premature.

DATED at Denver, Colorado, this 21st day of June, 2010.

BY THE COURT:


_s/Craig B. Shaffer_
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01375-BNB

Joshua Elliott Wingfield
Prisoner No.  7-7222
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _6|21|10_

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk