IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01375-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 10 2010

GREGORY C. LANGHAM
CLERK

JOSHUA ELLIOTT WINGFIELD,

    Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF GRAYSON ROBINSON,
DR. JILL PITCHER, ACSO Contractor,
ELAINE MEYERS, ACSO Medical Director,
DETENTION OPERATIONS TECHNICIAN SPEARS,
ASCO NURSES ASSIGNED TO POD 6 BETWEEN 9-10-08 – 11-30-09,
ASCO DEPUTIES ASSIGNED TO POD 6 BETWEEN 9-10-08 – 11-30-09,
DIANA MCMURDO-GENTRY, ACSO Mailroom Supervisor,
DR. "JOHN DOE," Denver General Surgeon,
ACSO JAIL POLICY ADMINISTRATION COMMITTEE, and
STEPHANIE SPAIN, ASCO Seargent [sic],

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Joshua Elliott Wingfield, currently is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Wingfield initiated this action by filing *pro se* a Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983. He asks for money damages and injunctive relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On June 21, 2010, Magistrate Judge Craig B. Shaffer ordered Mr. Wingfield to submit within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, that sued the proper

parties, and that alleged the personal participation of each named defendant. On July 20 and 22, 2010, Mr. Wingfield submitted what appear to be identical amended complaints except for the signature and certificate-of-service pages. The Court has only considered the content of the most recent amended complaint, filed on July 22.

The Court must construe Mr. Wingfield's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wingfield will be ordered to file a second and final amended complaint.

Mr. Wingfield contends that, in September 2008, his hand was crushed in a door while he was incarcerated at the Arapahoe County Detention Center. He complains that surgery on the injured hand was not performed until November 2008, by which time he had suffered permanent damage. He complains that, despite reassurances by detention facility medical staff that the injured hand would get better over time, it has not. He asserts that the surgeon told him that, due to the length of time between the injury and the surgery, the tendon has atrophied. He contends that he was subjected to deliberate neglect because of the delay in treating his hand injury (claim one).

He also alleges that on December 14, 2008, he attempted suicide, cut his wrists, was taken to a nearby hospital, and received a bill for more than $2,000.00 because the detention center refused to pay for the medical treatment he received. He complains that he was charged for emergency medical care. He also complains that, on the same day, he was stripped naked and strapped in a chair for over two hours, during which

time female staff members were allowed to gawk at him. On the basis of these allegations, he maintains he has been subjected to cruel and unusual treatment (claim two).

Lastly, he claims that his legal correspondence was intercepted by jail staff, who retaliated against him by moving him to segregated housing (claim three).

The July 22 amended complaint, like the complaint Mr. Wingfield originally filed, fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Mr. Wingfield was informed in the June 21 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. Wingfield is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

3

by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The July 22 amended complaint asserts fewer claims that are more concise than in the complaint Mr. Wingfield originally submitted. However, the amended complaint fails to make clear the personal participation of each named defendant. For example, Mr. Wingfield names in the text of claim three to the amended complaint five individuals who are not named as defendants, i.e., Arapahoe County district attorneys Dan Platner and Cori Alcock, as well as Deputies Kleinhekzel, Ireland, and Bahrs, and discusses what actions they took against him, yet he fails to make clear what action or actions Diana McMurdo-Gentry, who he does name as a defendant, took against him.

A complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and, what specific legal right the plaintiff believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The plaintiff again sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The general rule that *pro se* pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The amended complaint is vague, confusing, and wordy. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Wingfield is reminded that he must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Wingfield must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Wingfield may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Wingfield uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

Mr. Wingfield, therefore, will be directed to file a second and final amended complaint that states his claims clearly and concisely, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Plaintiff, Joshua Elliott Wingfield, file a second and final amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Wingfield, together with a copy of this order, two copies of the Prisoner Complaint form to be used in submitting the second and final amended complaint. It is

FURTHER ORDERED that if, within the time allowed, Mr. Wingfield fails to file a second and final amended complaint that complies with this order, the amended complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motions filed on July 20, 2010 (docket nos. 13 and 14) and on July 22, 2010 (docket nos. 18, 19, and 20), are denied as premature.

DATED August 10, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01375-BNB

Joshua Elliott Wingfield
Prisoner No. 7-7222
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/10/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk