IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01375-ZLW-KLM

JOSHUA E. WINGFIELD,

    Plaintiff,

v.

SHERIFF J. GRAYSON ROBINSON,
DR. JILL PITCHER,
NURSE MCMILLAN,
NURSE EPHRAIM,
NURSE LUCIENDA,
NURSE ROY,
ELAINE MEYERS,
DEPUTY CARTER,
DEPUTY EMERSON, and
DR. THOMPSON,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Disclosure of Evidence** [Docket No. 31; Filed September 28, 2010] ("Motion No. 31") and **Motion for Funding to Obtain Records** [Docket No. 33; Filed September 28, 2010] ("Motion No. 33"). Plaintiff is a *pro se* prisoner proceeding *in forma pauperis*. As such, an order directing the U.S. Marshal to serve the Defendants shall be issued on this behalf. Until such time as the order is issued and service is accomplished, the case is not ripe for discovery or the setting of case deadlines. Accordingly,

    IT IS HEREBY **ORDERED** that Motion No. 31 is **DENIED without prejudice.** Discovery is not authorized until Defendants have entered their appearance, the preliminary

scheduling conference has occurred and discovery parameters and case deadlines have been set. In addition to the Motion being premature, Plaintiff must propound his discovery requests on Defendants, not the Court. Any future motions pertaining to Defendants' alleged failure to respond to Plaintiff's discovery requests must comply with Fed. R. Civ. P. 37 and D.C.COLO.LCivR 7.1C. & 37.1.

IT IS HEREBY **ORDERED** that Motion No. 33 is **DENIED**. Plaintiff's *in forma pauperis* status does not entitle him to cost-free discovery in his case. When the time for discovery commences, if there are any costs associated with such discovery, they must be borne by Plaintiff. *See, e.g.*, *Hawkinson v. Montoya*, No. 04-cv-01271, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (unpublished decision) (holding that inmate "has no right to obtain documents [or testimony] through discovery free of charge, . . . his status as an *in forma pauperis* litigant notwithstanding").

To the extent that Plaintiff requests the appointment of counsel to represent him, the Motion is also denied. The Court does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel. However, the Court clarifies that mere placement on this list would not automatically mean that Plaintiff would receive counsel. Rather, placement on the list results in representation being secured for Plaintiff only if counsel <u>volunteers</u> to represent him. Because of the number of cases on the list and

the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions. His filings to date indicate that he has a firm grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze. Additionally, the record bears no indication that Plaintiff has made efforts to obtain counsel for himself.

The fact that the Plaintiff suffers from pain in his hand or has a history of mental illness does not warrant the need for volunteer counsel. Plaintiff's alleged medical conditions are normal, not special, circumstances in this type of case, and therefore, do not provide special circumstances to consider in determining whether to seek volunteer counsel, particularly here where Plaintiff's pleadings are lucid, legible and he appears to

be able to file pleadings on a regular basis.  Although mindful of the difficulties faced by *pro se* parties, particularly prisoners, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel.  *See, e.g.*, *Mallard*, 490 U.S. at  301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant).  Here, I note that Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his lack of legal training and medical conditions.  To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a).  However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

As a final matter, a review of the record in this case reveals that Plaintiff has sent a letter to the Court asking what he needs to do to move his case forward [Docket No. 32]. Pursuant to D.C.COLO.LCivR 7.1C. & 77.2, it is inappropriate to send letters to the Court. Further, all pleadings filed on the record must conform with the proper format set forth in Local Rule 10.1.  Ordinarily, the Court does not respond to letters.  However, to the extent that it would be efficient to do so here to obviate further unnecessary pleadings being filed by Plaintiff, the Court informs Plaintiff that as soon as service of his case is accomplished,[1]

---

[1] To the extent that Plaintiff contends that he has already effected service by sending a copy of the Summons and Amended Complaint to Defendants, service by mail is not authorized

4

the Court will set a preliminary scheduling conference to discuss the status of Plaintiff's case.  **Until such time, Plaintiff shall not file any pleadings unless directed to do so by the Court**.

Dated:  September 30, 2010

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix

---

by Fed. R. Civ. P. 4.  As noted above, service will be accomplished by the U.S. Marshal.