IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01375-ZLW-KLM

JOSHUA E. WINGFIELD,

    Plaintiff,

v.

SHERIFF J. GRAYSON ROBINSON,
DR. JILL PITCHER,
NURSE MCMILLAN,
NURSE EPHRAIM,
NURSE LUCIENDA,
NURSE ROY,
ELAINE MEYERS,
DEPUTY CARTER,
DEPUTY EMERSON, and
DR. THOMPSON,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** issued by the Court on November 1, 2010 [Docket No. 49].  In the Order to Show Cause, the Court directed Plaintiff to show cause why the Court should not recommend that the case against Defendant Dr. Jill Pitcher be dismissed pursuant to Fed. R. Civ. P. 4(m).[1]  In that Order, Plaintiff was directed to either file proof of service or respond and show good cause for his failure to properly serve Defendant Pitcher, or to provide a current address for Defendant Pitcher.  Plaintiff's deadline was November 22, 2010.  Plaintiff responded on November 5,

---

[1] The first Summons issued to Defendant Pitcher was returned unexecuted with a notation that the "[i]ndividual was a contractor for the Arapahoe Co. . . . and no longer works for their [sic] facility" [Docket No. 47].  No forwarding address was provided.

2010 by providing an address where he believed Defendant Pitcher could be located [Docket No. 52]. The United States Marshal was directed to effect service of Defendant Pitcher at this new address [Docket No. 54]. On November 16, 2010, in advance of the Order to Show Cause deadline, the Summons was returned unexecuted for Defendant Pitcher with a notation that "there is no Dr. Pitcher listed at address, the medical facility checked the directory of doctors in the Aurora/Denver area and there is no Dr. Pitcher listed" [Docket No. 57].

As the Court explained in its previous Order, while Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). Neither the address provided by Plaintiff at the time of the Complaint's filing nor the later address provided by Plaintiff is sufficient to effect service on Defendant Pitcher. Despite having ample time to provide additional information about Defendant Pitcher's whereabouts after the second Summons was returned unexecuted, Plaintiff has not provided any information that the Court can use to effect service on this Defendant.

Plaintiff's lawsuit was filed on June 2, 2010, and Plaintiff amended his Complaint to include claims against Defendant Pitcher on July 20, 2010 [Docket No. 12]. Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendant Pitcher has now expired. Although the United States Marshal was not directed to effect service until September 20, 2010, Plaintiff has not provided sufficient information to enable the Marshal to serve Defendant Pitcher, despite two unsuccessful attempts to do so. Moreover, despite the fact

that Plaintiff responded to the Order to Show Cause, his response was deficient. At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service on Defendant Pitcher.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here. The case against Defendant Pitcher has been pending since July 2010. Plaintiff failed to effect service of Defendant Pitcher within one-hundred twenty days of her inclusion in this case, failed to provide sufficient contact information for the Court to do so, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future. Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the unserved Defendant. *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n. 4 (D. Colo. Feb. 13, 2008) (unpublished decision). Regardless of Plaintiff's desire to keep Defendant Pitcher in the case and have her answer to the claims asserted against her, neither can be accomplished without service. Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause is made **ABSOLUTE**. Plaintiff has failed to show cause as to why the Court should not recommend dismissal of Defendant Pitcher.

I respectfully **RECOMMEND** that Defendant Pitcher be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 29, 2010

                                                  s/ Kristen L. Mix
                                                  Kristen L. Mix
                                                  United States Magistrate Judge