IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01375-ZLW-KLM

JOSHUA E. WINGFIELD,

    Plaintiff,

v.

SHERIFF J. GRAYSON ROBINSON,
DR. JILL PITCHER,
NURSE MCMILLAN,
NURSE EPHRAIM,
NURSE LUCIENDA,
NURSE ROY,
ELAINE MEYERS,
DEPUTY CARTER,
DEPUTY EMERSON, and
DR. THOMPSON,

    Defendants.
_____

**ORDER GRANTING MOTION FOR RECONSIDERATION IN PART AND
RECOMMENDATION THAT PRIOR RECOMMENDATION BE HELD IN ABEYANCE
PENDING ADDITIONAL SERVICE EFFORTS**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Objection to Order and Recommendation of United Magistrate Judge** [Docket No. 64; Filed December 13] (the "Motion").  Although titled as an objection, the District Judge assigned to the matter construed it as a motion for reconsideration of my prior Recommendation and referred it to me for resolution [Docket Nos. 65 & 67].

On November 29, 2010, the Court issued a Recommendation to dismiss Plaintiff's claims against Defendant Pitcher because he had failed to provide sufficient information to have her served within the timeline set by Fed. R. Civ. P. 4(m) [Docket No. 58].

Pursuant to the Motion, Plaintiff requests that the Court order Defendants to provide Dr. Pitcher's address and also supplies two additional potential addresses for Dr. Pitcher.

In relation to Plaintiff's request, it is not Defendants' responsibility to supply information to enable Plaintiff to accomplish service against a former employee/contractor, particularly where, as here, the parties are exempt from the responsibility to provide Fed. R. Civ. P. 26(a)(1)(A) disclosures and there is no indication that Plaintiff has propounded a discovery request on Defendants in compliance with Fed. R. Civ. P. 33.  As the Court noted in the Order to Show Cause, the responsibility to provide sufficient information to accomplish service falls on Plaintiff.  *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision).  Because he did not provide sufficient information to effect service on Defendant Pitcher within the Order to Show Cause deadline, despite being given ample time to do so, I recommended that Defendant Pitcher be dismissed without prejudice pursuant to the mandate of Rule 4(m).

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Although it is arguably untimely at this stage of the proceeding for Plaintiff to provide

two additional potential addresses for Defendant Pitcher, and there is no indication why Plaintiff was unable to provide this information prior to the Order to Show Cause deadline, given Plaintiff's *pro se* status,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part**. Simultaneous with this Order, the Court will direct the U.S. Marshal to attempt to obtain service of Defendant Pitcher at the two additional addresses provided by Plaintiff. If those efforts are successful, the Court will withdraw its Recommendation. If those efforts are unsuccessful, the Recommendation will stand. To ensure that the Recommendation is not ruled upon during this process,

IT IS HEREBY **RECOMMENDED** that the District Judge hold the Recommendation [#58] in abeyance pending additional service efforts by the U.S. Marshal on Defendant Pitcher. If both summons are returned unexecuted, the Court recommends that Plaintiff be given **fourteen (14) days** from the date of the last summons' docketing to file an objection to the Recommendation [#58].

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have **fourteen (14) days** after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this

Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 20, 2010

                                                BY THE COURT:

                                                s/ Kristen L. Mix
                                                United States Magistrate Judge
                                                Kristen L. Mix