IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-01375-ZLW-KLM

JOSHUA ELLIOTT WINGFIELD,

    Plaintiff,

v.

SHERIFF GRAYSON ROBINSON,
DR. JILL PITCHER,
NURSE MCMILLAN,
NURSE EPHRAIM,
NURSE LUCIENDA,
NURSE ROY,
ELAYNE MEYERS,
DEPUTY CARTER,
DEPUTY EMERSON, and
DR. THOMPSON,

    Defendants.

---

# ORDER

---

The matters before the Court are Plaintiff's two objections to the Order And Recommendation Of United States Magistrate Judge issued November 29, 2010 (Doc. Nos. 64, 76).  On November 1, 2010, Magistrate Judge Kristin L. Mix issued *sua sponte* an Order To Show Cause (Doc. No. 49) requiring that Plaintiff show cause why the Magistrate Judge should not recommend that Defendant Jill Pitcher be dismissed from this action without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b) due to Plaintiff's failure to serve her with the Summons and Complaint or provide her current address so as to allow the United States Marshal to effect service.  Plaintiff responded to the Order To Show Cause on November 5, 2010, by providing an address for Defendant Pitcher.

The United States Marshal attempted to effect service at that address, but was unable to do so because there was no Dr. Pitcher listed at that address. (Doc. No. 57).  On November 29, 2010, the Magistrate Judge issued an Order And Recommendation Of United States Magistrate Judge (Order And Recommendation) (Doc. No. 58) ordering that the Order To Show Cause was made absolute, and recommending that Defendant Pitcher be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

Plaintiff filed an objection to the Order And Recommendation on December 13, 2010, supplying two more addresses for Defendant Pitcher.  (Doc. No. 64).  The Court construed the objection as a motion for reconsideration, and the Magistrate Judge granted the motion in part, directing the United States Marshal to attempt to serve Defendant Pitcher at the two additional addresses.  (See Doc. Nos. 65, 68).  The United States Marshal attempted service, but neither address was valid.  (See Doc. Nos. 72, 72).  On March 7, 2011, with leave from the Court, Plaintiff filed an additional objection to the Order And Recommendation.  (Doc. No. 76; see also Doc. No. 75).  The Court reviews the Magistrate Judge's nondispositive Order under a clearly erroneous or contrary to law standard.[1]  The Court reviews *de novo* the Magistrate Judge's recommendation that Defendant Pitcher be dismissed from this action without prejudice.[2]  Although the Court must construe, and has construed, Plaintiff's papers

---

[1] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[2] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

liberally because he is proceeding *pro se*, Plaintiff's *pro se* status does not relieve him of his obligation to comply with the Federal Rules of Civil Procedure.[3]

Plaintiff argues that he should not be required to supply a valid address for Defendant Pitcher because he is a prisoner who does not have access to Defendant Pitcher's current address, whereas Defendants have her address or could easily locate it. However, as the Magistrate Judge stated, it is not Defendants' responsibility to provide the address of a former employee, especially where, as here, the parties are exempt from automatic disclosure requirements under Fed. R. Civ. P. 26(a)(1)(A) and Plaintiff did not ask for the information in discovery. The responsibility to provide sufficient information to accomplish service falls on Plaintiff.[4]

Accordingly, it is ORDERED that Plaintiff's Objection To Order And Recommendation Of United States Magistrate Judge (Doc. No. 64) and Plaintiff's Objection To Judge Mix's Recommendation (Doc. No. 76) are overruled. It is

FURTHER ORDERED that Defendant Dr. Jill Pitcher is dismissed from this action without prejudice pursuant to Fed. R. Civ. P. 4(m). It is

---

[3] Murray v. City of Tahlequah, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

[4] See Fields v. Oklahoma State Penitentiary, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the Plaintiff's responsibility to provide the United States Marshal with the address of the person to be served . . . .").

FURTHER ORDERED that the case caption shall be amended accordingly.

DATED at Denver, Colorado, this 23rd day of March, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court