**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-01375-REB-KLM

JOSHUA ELLIOTT WINGFIELD,

    Plaintiff,

v.

SHERIFF GRAYSON ROBINSON,
NURSE MCMILLAN,
NURSE EPHRAIM,
NURSE LUCIENDA,
NURSE ROY,
ELAYNE MEYERS,
DEPUTY CARTER
DEPUTY EMERSON, and
DR. THOMPSON,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER OVERRULING OBJECTIONS**

**Blackburn, J.**

The matter before me is plaintiff's letter to the court,[1] which I construe as a **Motion for Reconsideration** [#79][2] filed April 4, 2011. I deny the motion.

Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519,

---

[1] On the retirement of Senior Judge Zita Weinshienk, this case was reassigned to me. (**See** [#78], filed April 1, 2011.)

[2] "[#79]" is an example of the convention I use to refer to the docket number of a particular filing.

520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  Nevertheless, the bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Plaintiff offers nothing suggesting that any of these factors are implicated in this case.  Instead, he apparently continues to believe that his *pro se* incarcerated status puts the onus on defendants to provide him with an address for putative defendant Dr. Jill Pitcher.  In this supposition, however honestly held, he is plainly mistaken.  Moreover, Dr. Pitcher was dismissed without prejudice, leaving plaintiff free to seek leave to amend his complaint to again file claims against her if and when he is able to secure a valid address at which she may be served.

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Reconsideration** [#79] filed April 4, 2011, is **DENIED**.

Dated April 11, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge