IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01375-REB-KLM

JOSHUA E. WINGFIELD,

     Plaintiff,

v.

SHERIFF J. GRAYSON ROBINSON,
NURSE MCMILLAN,
NURSE EPHRAIM,
NURSE LUCIENDA,
NURSE ROY,
ELAINE MEYERS,
DEPUTY CARTER,
DEPUTY EMERSON, and
DR. THOMPSON,

     Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Rule 35 Motion for Physical Exam** [Docket No. 91; Filed May 12, 2011] (the "Motion").[1]   Pursuant to the Motion, Plaintiff appears to seek the Court's assistance in securing the assistance of an expert witness. Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*.

     As a preliminary matter, Plaintiff's citation to Fed. R. Civ. P. 35 is inappropriate. Rule 35 is a discovery tool which enables a party to obtain the physical examination of an

---

[1] As has been true of prior pleadings filed by Plaintiff, the Motion does not contain a case caption in violation of D.C.COLO.LCivR 10.1J.  The Court recently warned Plaintiff that future noncompliant pleadings will be summarily denied.  Because my Order was dated May 10, 2011 [Docket No. 85], and the present Motion was dated May 10, 2011, the Court assumes that Plaintiff did not receive my prior Order before filing the Motion.  As such, the Court elects to consider the Motion on its merits.

opposing party. *See, e.g.*, *Savajian v. Milyard*, No. 09-cv-000354-CMA-BNB, 2009 WL 5126581, at *1 (D. Colo. Dec. 17, 2009) (unpublished decision) (recognizing that "Rule 35 was not designed for [the] purpose" of "seeking a cost-free medical examination which [plaintiff] hopes will support his claims").

Moreover, despite the fact that Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, there is no statutory or legal authority directing the Court to provide assistance in securing expert witnesses. *See Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983) (holding that access to court does not extend to the Court's provision of an expert witness on inmate's behalf). As a voluntary litigant in a federal lawsuit, Plaintiff must obtain the assistance of expert witnesses on his own behalf. To this end, if the experts demand payment for their services, Plaintiff must pay for the services of such witnesses. *See, e.g.*, *Harper v. Urbano*, No. 07-cv-00750, 2010 WL 1413107, at *1 (D. Colo. Apr. 1, 2010) (unpublished decision) (holding that inmate is not entitled to Court-appointed expert and noting that Fed. R. Evid. 706 does not apply to experts "intended to further partisan interests of any party"). Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated: May 12, 2011

BY THE COURT:

  s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix