IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01375-REB-KLM

JOSHUA E. WINGFIELD,

    Plaintiff,

v.

SHERIFF J. GRAYSON ROBINSON,
NURSE MCMILLAN,
NURSE EPHRAIM,
NURSE LUCIENDA,
NURSE ROY,
ELAINE MEYERS,
DEPUTY CARTER,
DEPUTY EMERSON, and
DR. THOMPSON,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Discovery Pursuant to Rule 37 Compel** [Docket No. 99; Filed May 19, 2011] (the "Motion"). As a preliminary matter, the Motion does not certify that Plaintiff, who is proceeding *pro se*, conferred with counsel for Defendants to attempt to resolve the dispute prior to seeking Court assistance as required by Fed. R. Civ. P. 37(a). Moreover, Plaintiff failed to comply with D.C.COLO.LCivR 37.1, which requires that any discovery requests in dispute must be attached to the Motion or recited verbatim. As Plaintiff has been warned in the past, despite the fact that Plaintiff is proceeding *pro se*, he is obligated to comply with the applicable rules. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

    IT IS HEREBY **ORDERED** that the Motion is **DENIED without prejudice**. Plaintiff may refile the Motion after complying with all applicable rules.

    A review of the docket in conjunction with this Motion reveals that Plaintiff has filed several pleadings which need to be addressed. First, Plaintiff filed a pleading [Docket No. 100] seeking to clarify that his earlier filed Response [Docket No. 94] to Defendants' Motion for Summary Judgment [Docket No. 81] was just a draft and that he still intends to file a Response by the deadline provided by the Court in my Order dated May 10, 2011 [Docket

No. 85]. Plaintiff has also filed two unexplained Notices [Docket Nos. 97 & 98] and a lengthy Affidavit which "mirrors the Rough draft of the Response" [Docket No. 101]. None of these pleadings appear to be necessary and serve only to confuse the docket. For example, filing rough drafts of pleadings, or pleadings which "mirror" those rough drafts, is wasteful. Moreover, the Court notes that Defendant has now unnecessarily responded to Plaintiff's rough draft [Docket No. 96]. To clarify the record,

IT IS HEREBY **ORDERED** that Docket Nos. 94, 96-98 and 101 are **STRICKEN**.

IT IS FURTHER **ORDERED** that the Court construes Docket No. 100 to be a Motion and **GRANTS** the Motion as follows.

- Plaintiff shall file a Response which fully incorporates the arguments and evidence that he intends to use in defense of Defendants' Motion for Summary Judgment [Docket No. 81] on or before **June 10, 2011**.

- Defendants' Reply, if any, shall be filed on or before **June 27, 2011**.

The Court notes that Defendant Thompson filed a separate Motion for Summary Judgment [Docket No. 88]. Accordingly, the Court *sua sponte* sets the following briefing deadlines.

- Plaintiff shall file a Response which fully incorporates the arguments and evidence that he intends to use in defense of Defendant Thompson's Motion for Summary Judgment [Docket No. 88] on or before **June 17, 2011**.

- Defendant's Reply, if any, shall be filed on or before **July 8, 2011**.

IT IS FURTHER **ORDERED** that any future drafts or unexplained notices, affidavits or other pleadings shall be stricken.

Dated: May 20, 2011